Dear Mr. LaRocca:
Hospital Service District No. 2 of St. Mary Parish questions whether or not it may use public funds to replace a chiller unit within the physical plant at Lakewood Medical Center in Morgan City, Louisiana. In short, it is our opinion that the District is under no obligation to replace the unit. To do otherwise would be tantamount to a donation of public funds and that is expressly prohibited by Article 7, Section 14 of the Louisiana Constitution.
Hospital Service District No. 2 was created pursuant to the provisions of La. R.S. 46:1051 et seq. The District owned and operated Lakewood Medical Center in Morgan City until the operation of the hospital was assumed by PHC-Morgan City, L.P., a wholly owned subsidiary of Province Healthcare Company. The District and PHC entered into a lease agreement. The lease was approved by the Attorney General pursuant to La. R.S. 40:2115.11, et seq.
The lease specifically provides that the lessee, PHC, at its own expense, will maintain all parts of the improvements in at least as good condition as they now are, except for ordinary wear, tear, depreciation or obsolescence.[1] The lease further provides that the lessee, PHC, shall make additional improvements, repairs and renovations to the hospital and premises for the benefit of the business and operations of the hospitals and premises and shall make equipment purchases for the hospital and premises . . .[2]
Pursuant to the lease, therefore, the lessee, PHC is obligated for the maintenance and improvements of the hospital and is specifically responsible for equipment purchases. PHC has asked the District to pay for the purchase of a chiller unit, i.e. equipment. Pursuant to the lease, the District is not obligated to do so. To do otherwise is tantamount to a donation of public funds and that is specifically prohibited by Article 7, *Page 2 
Section 14 of the Louisiana Constitution. The state cannot donate public funds or anything of value when it is under no obligation to do so.
You refer to Attorney General Opinion Number 03-0240 in your request. This opinion concluded that the District was not obligated to pay for the demolition of a building and to develop and construct a medical office building and parking facility. That opinion concluded that pursuant to the lease agreement, the District was not obligated to do so. PHC agreed to maintain, at its sole expense, the premises during the term of the lease. We believe this opinion is applicable to this request. Although it involved a different request for payment, the District was not obligated pursuant to its lease with PHC for the payment.
We trust that this responds to your request. If you have any questions, please contact our office.
With kindest regards,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: __________________________________ TINA VICARI GRANT Assistant Attorney General
CCF, jr./TVG/dam
[1] Lease, Section 4.3 (a).
[2] Third amendment to Annex A to the lease agreement, Section 7.8 (b).